UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAMMY BOYD,

    Plaintiff,

v.                                                                                                Case No.: _____

MEDXCEL FACILITIES MANAGEMENT, LLC,

    Defendant.

_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Tammy Boyd, by and through her undersigned counsel, and hereby files this Initial Complaint against defendant, Medxcel Facilities Management, LLC (hereinafter either "defendant" or "Medxcel"), and alleges:

### I. Jurisdiction and Venue

1. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Equal Pay Act, which is codified at 29 U.S.C. § 206(d).

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district; defendant has an office and operates in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

### II. Parties

3. Plaintiff is an employee of defendant who is female.

4. Defendant is a foreign limited liability company which is engaged in commerce and activities affecting commerce and is an employer as that term is defined in the Equal Pay Act. Moreover, at all times relevant hereto, it employed two or more

persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and has had gross sales made or business done of not less than $500,000 per year.

5. Indeed, plaintiff's performance of electrical work for defendant involved her handling of goods (e.g., wires, connectors, switches) and materials (e.g., wire strippers, voltage meters, and tools) that had moved in interstate commerce at some point. Defendant is subject to the requirements of the Equal Pay Act.

### III.  Factual Allegations

6. Plaintiff was hired by defendant in or around April 2022 to serve as an Electrician I who would perform duties on its behalf at the Ascension Sacred Heart Hospital located in Pensacola, Florida.

7. Plaintiff was qualified for the position she held with defendant. Indeed, she had nearly two decades of experience as an electrician prior to coming to work for Medxcel.

8. Plaintiff remains an employee of defendant, and she is one of many Electrician I's who have worked for defendant at Sacred Heart Hospital. However, upon information and belief, she is the only woman who has served as an Electrician I for Medxcel at Sacred Heart Hospital.

9. Moreover, upon information and belief, defendant has paid many -- if not all -- male Electrician I employees more than plaintiff during the time she has worked at Sacred Heart Hospital.

10. That is, Medxcel has paid plaintiff, a woman, less than men for equal work which required equal skill, effort, and responsibility and which was performed under

similar working conditions.

11.     During the course of her employment, plaintiff learned that she was being paid substantially less than male Electrician I's working for defendant.

12.     As a result, plaintiff complained about defendant's discriminatory pay practices both internally and externally.

13.     Nevertheless, defendant continues to pay plaintiff less than men for equal work which requires equal skill, effort, and responsibility and which is performed under similar working conditions.

### IV.  Count I -- Violation of the Equal Pay Act
### (Federal Statute)

14.     Plaintiff realleges and incorporates herein paragraphs 1 through 13, above.

15.     The foregoing facts and circumstances demonstrate that defendant has violated the Equal Pay Act, which prohibits employers from discriminating against employees on the basis of sex by paying wages to employees at a rate less than the rate at which it pays wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibilities, and which are performed under similar working conditions.

16.     Defendant knew or should have known that the above-referenced actions were discriminatory, and that such actions violated the Equal Pay Act.  Nevertheless, defendant acted willfully, intentionally, and with reckless disregard for the rights of plaintiff.

17.     Defendant has been damaged as a result of defendant's actions.  Such damages include loss of wages, raises, and benefits and emoluments of employment.

18. Plaintiff has been required to retain an attorney to assist her in asserting her claims and protecting her rights.

WHEREFORE, plaintiff demands back pay, statutory liquidated damages, interest -- including prejudgment interest, attorney's fees, costs, and such other relief as this Court deems appropriate.

***Plaintiff demands a jury trial on all issues contained in this Complaint which are so triable.***

**Notice:   Plaintiff intends to amend her Initial Complaint to include disparate pay claims under Title VII of the Civil Rights Act of 1964, as amended, as well as the Florida Civil Rights Act once her administrative pre-suit requirements have been satisfied.**

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net